IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD W. WILSON, #K02002, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00732-SMY |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Howard W. Wilson, currently in the custody of the Illinois Department of Corrections and incarcerated at Vienna Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The case is presently before the Court on Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. 14) and Motion to Reconsider Denial of Recruitment of Counsel (and requesting an order compelling prison officials to grant Plaintiff a minimum of 6 hours per week of law library access) (Doc. 21).

## Motion for Leave to File Supplemental Complaint

Under Federal Rule of Civil Procedure 15(a)(1)(A), "a party may amend its pleading once as a matter of course within [] 21 days after serving it." Otherwise, pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff's motion was filed more than 21 days after service of the Complaint, the Defendants have not consented to the filing, and, therefore, Plaintiff requires leave of court to amend his pleading.

Plaintiff seeks to file a "Supplemental Complaint" which incorporates by reference the facts stated in the "Original Complaint." However, he cannot modify the parties or allegations in his Complaint in a piecemeal fashion. The proper method is to seek leave to file an Amended

1

Complaint that complies with Federal Rule of Civil Procedure 15 and this Court's local rules. An Amended Complaint supersedes and replaces the original Complaint, rendering it void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). As such, an Amended Complaint must stand on its own without reference to any other pleading. For these reasons, the Motion for Leave to File Supplemental Complaint (Doc. [14]) is **DENIED**.

Should Plaintiff wish to submit a motion for leave to file an Amended Complaint, he must do so in accordance with Federal Rule of Civil Procedure 15 and Local Rule 15.1. All new material in the proposed Amended Complaint must be underlined. Additionally, to the extent Plaintiff seeks to add claims and parties based on allegations of constitutional violations that have occurred since the filing of this action, he should keep in mind that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing suit under Section 1983. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Further, Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.

### Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When determining whether to grant a plaintiff's request for recruitment of counsel, the court must consider two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* at 654.

The Court previously found that Plaintiff had made reasonable efforts to retain counsel on

his own. (Doc. 9). Although Plaintiff believes himself competent to litigate this action on his own, he states counsel is needed for a potential class action and to take depositions of the defendants. This case was not filed as a class action and the litigation has not reached the stage where depositions of the defendants are an issue.

The Court finds that Plaintiff can proceed *pro se*, at least for now. Through his pleadings and filings, he has demonstrated the ability to articulate clearly and effectively on his own behalf. Therefore, Plaintiff's Motion to Reconsider Denial of Recruitment of Counsel (Doc. 21) is **DENIED**.

### Request for Specific Law Library Access

Inmate use of law library facilities requires the expenditure of staff time and other resources. As long as a constitutional level of access is afforded to petitioner, prison authorities are entitled to make the necessary decisions about allocation of prison resources without interference by this Court. A prison system is not required to provide unlimited access to a law library, even for pro se litigants. *Martin v. Davies,* 917 F.2d 226, 240 (7th Cir.1990). Without an infringement on an inmate's constitutional rights, the courts generally will not interfere with the administration of a correctional facility. *Sandin v. Conner*, 515 U.S. 472, 482 (1995).

Prisoners have a constitutional right under the First Amendment to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Alston v. DeBruyn*, 13 F.3d 1036, 1040 (7th Cir. 1994). "[O]nly if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence,

or prison conditions." *Id*.

Plaintiff requests an Order from this Court to compel prison officials to grant him a minimum of six hours per week of law library access (Doc. 21). He claims that without such access, he will not be afforded a meaningful opportunity to prosecute this action. This conclusory statement is insufficient to establish a denial of meaningful access to the courts. Plaintiff does not allege any missed deadlines in this case or a denial of access to legal materials. As such, he has not established circumstances warranting the Court's intervention and, therefore, his request is **DENIED**.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. 14) is **DENIED**; the Motion to Reconsider Denial of Recruitment of Counsel (Doc. 21) is **DENIED**; and the request for an Order compelling prison officials to grant him a minimum of six hours per week of law library access (Doc. 21) is **DENIED**.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 18, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**