**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HOWARD W. WILSON, #K02002, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00732-SMY |
| ) | |
| MATTHEW C. SWALLS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge**:

Plaintiff Howard W. Wilson filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). The Court severed his claims arising at two different prisons into separate cases. (Doc. 9). This case involves his claims of First Amendment violations while he was incarcerated at Vienna Correctional Center ("Vienna") and is now before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 13)

## BACKGROUND

Plaintiff claims that his legal, privileged, and personal mail has been repeatedly mishandled by Vienna mailroom staff. He alleges that Mailroom Supervisor Potocki and mailroom staff John/Jane Does 6-10 delayed and denied receipt of mail related to a state civil action. He contends that their deliberate conduct caused a detriment to his ability to pursue his claim because, due to the delay and failure to deliver mail, he was unable to argue against the defendant's motion in that case and the motion was granted. He details repeated instances in which his personal mail was allegedly mishandled by Potocki and John/Jane Does 6-10.

Plaintiff filed grievances regarding the mishandling of his mail. He alleges Counselors

Ethridge-Hicks and McCann filed an offender disciplinary referral against him for filing grievances, and as a result, he was prohibited from certain privileges.

Following preliminary review under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following three claims: 1) First Amendment retaliation claim against Ethridge-Hicks and McCann; 2) First and Fourteenth Amendment denial of access to courts claim against Potocki and John/Jane Does 6-10 for the mishandling of Plaintiff's legal and privileged mail; and 3) First Amendment free speech claim against Potocki and John/Jane Does 6-10 for repeatedly mishandling Plaintiff's incoming and outgoing mail. (Doc. 9). He subsequently filed a Motion for Preliminary Injunction (Doc. 13) seeking an Order compelling Defendants and other individuals to properly handle and deliver his legal, privileged, and/or personal mail, refrain from retaliatory actions, and stop policies which limit free speech as a mechanism for punishment. He also asks the Court to declare that his mail to this Court and two other courts be considered legal mail by the defendants for the duration of three cases in which he is suing IDOC and its employees.

## **LEGAL STANDARD**

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2948 pp. 129-130 (2d ed. 1995)). And, mandatory injunctions – those requiring an affirmative act by the defendant – are "cautiously viewed and sparingly issued" because they require the court to command a defendant to take a particular action. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).

"[T]he party seeking a preliminary injunction must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final

resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661-662 (7th Cir. 2015). If the threshold is met, the court must consider the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest. *Id.* at 662. "The court weighs the balance of potential harms on a "sliding scale" against the movant's likelihood of success: the more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor." *Id*.

## DISCUSSION

Plaintiff alleges Defendants have continued to mishandle his legal and personal mail leading to the denial of access to the courts and denial of his freedom of speech. He claims that because of the issues with his mail, failures to process his grievances, and the continued real and perceived threat of retaliation, he is in imminent harm of continued violations of his First Amendment rights. He states an individual who is not a party has "issued threats" to him.

As an initial matter, Plaintiff submitted an affidavit in which he attributes acts of alleged retaliation to a number of individuals who are not parties in this case. His claims against individuals who are not parties to this case regarding incidents that are outside the scope of the Complaint provide no grounds for a preliminary injunction in this action and will not be considered. *See Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) ("[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

The allegations against the defendants made in Plaintiff's Motion and Affidavit are the same as those made in the Complaint. Plaintiff has not provided no facts suggesting that he is currently being denied meaningful access to the courts. Without such a showing, the alleged mishandling of his mail does not amount to immediate and irreparable harm warranting injunctive relief.

He also offers no facts with respect to alleged threats of retaliation. His allegations pertain to past conduct and merely invite speculation regarding the potential for retaliation. threat. "[A] speculative fear of injury is not a ground for an injunction." *Wright v. Miller*, 561 F.App'x 551, 554 (7th Cir. 2014). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief." *Orr v. Shicker,* 953 F.3d 490, 502 (7th Cir. 2020) (internal citation omitted).

Because Plaintiff has not made a clear showing that he is entitled to relief, the Motion for Preliminary Injunction (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  JUNE 23, 2020**

<u>s/ Staci M. Yandle</u><br>
**STACI M. YANDLE**<br>
**United States District Judge**