IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HOWARD W. WILSON, #K02002,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-00732-SMY |
| | ) |
| **JOHN BALDWIN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is presently before the Court on Plaintiff's Motion for Leave to Conduct Depositions (Doc. 47). He seeks an order from this Court appointing an officer before whom depositions may be taken and leave of Court to depose a party and a non-party. He also asks the Court to address matters regarding the details of taking the depositions.

Plaintiff may depose parties and non-parties by using the procedures outlined in Federal Rules of Civil Procedure 30 and 31. However, Plaintiff must make all arrangements and serve all necessary notices. Plaintiff seeks to take depositions before a notary by audio recording.[1] Under Rule 30, depositions "may be recorded by audio, audiovisual, or stenographic means," and a notary public may serve as an "officer ... designated under Rule 28." FED. R. CIV. P. 30(b)(3)(A), (5)(A). Plaintiff would bear any costs associated with the notary and the audio or audiovisual recording

---

[1] While the Court commends Plaintiff on his attempt to comply with Rules 28 and 30 in a manner that would reduce the cost of taking a deposition, it is worth noting the practical concern that a deposition has limited value without a transcript. A deposition cannot be introduced as evidence at trial unless the pertinent portions of the transcript are submitted to the court before trial. Fed. R. Civ. P. 26(a)(3)(ii). Similarly, if the deposition is to be used in support of, or in opposition to, a motion for summary judgment, this court's procedures require that the transcript of the deposition to be filed. So, even if the deposition itself could be conducted without a court reporter, in most cases a transcript will have to be prepared sooner or later, and Plaintiff would have to bear that cost.

himself.  FED. R. CIV. P. 30(b)(3)(A) ("The noticing party bears the recording costs.").

To proceed with the depositions, Plaintiff seeks an order from the Court declaring Mrs. Karin Pannier, the current Librarian of the Vienna Correctional Center as an officer before whom depositions may be taken.  Although he states Pannier is a notary public, he provides no proof. Further, there if no proof Pannier has agreed to this responsibility.  Instead, it appears Plaintiff may be seeking an order from this Court requiring her to take on the responsibility.  The Court will not do so.

Plaintiff intends for the depositions to be recorded by audio, which is permissible under Rule 30(b)(3), but he wants to the defendants to be responsible for providing the tape-recording device.  Plaintiff is responsible for all arrangements and bears the recording costs, which would include supplying the means of recording the deposition.  While Defendants may agree to provide audio or audiovisual recording equipment, the Court will not order them to do so.

Finally, Plaintiff also asks the Court to address in its order where the depositions may be taken at Vienna Correctional Center, excluding security staff from the room, and that the Warden be precluded from transferring Plaintiff and the non-party deponent prior to the deposition.  These are matters to be addressed with prison officials.  The Court will not interfere with the day-to-day orderly administration of prison facilities.

For the reasons stated, the Motion for Leave to Conduct Depositions is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 23, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**