IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD W. WILSON, #K02002, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:19-cv-00732-SMY |
| MATTHEW C. SWALLS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge**:

Plaintiff Howard W. Wilson filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. (Doc. 59).

Under Federal Rule of Civil Procedure 15(a)(1)(A), "a party may amend its pleading once as a matter of course within [] 21 days after serving it." Otherwise, pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff's motion to amend was filed more than 21 days after service of the Complaint, and Defendants have not consented to the filing of the amended pleading.

The Court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). Additionally, Plaintiff's First Amended Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

Following preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed in Count 12 on claims against Doe Defendants. In the motion seeking leave to amend, Plaintiff states he has now identified the Doe Defendants as Catrina Craft, Natalie Barrett, and Tawny Stafford and he wishes to amend the Complaint to reflect the identity of these individuals with regard to his allegations.

Plaintiff also seeks to add sixteen defendants and new claims of retaliation, cruel and unusual punishment, and due process violations in disciplinary proceedings. The majority of the allegations pertain to matters that occurred after the filing of the Complaint on July 8, 2019 up to and including June 5, 2020 – almost a year after the filing of the Complaint. In this regard, the First Amended Complaint violates Federal Rule of Civil Procedure 20 which prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Additionally, the First Amended Complaint suffers from a pleading deficiency in that Plaintiff repeatedly refers to actions by "defendants." An allegation that a group of defendants violated a plaintiff's rights fails to comply with Federal Rule of Civil Procedure 8.

Based on the above-referenced Rule 8 and 20 violations, the Court **DENIES** the Motion for Leave to File First Amended Complaint. However, to the extent Plaintiff seeks to substitute Catrina Craft, Natalie Barrett, and Tawny Stafford for the Doe Defendants that request **is GRANTED**. Accordingly, the Clerk of Court is **DIRECTED** to **RENAME** Defendant **JOHN/JANE DOE 6-10** as **CATRINA CRAFT, NATALIE BARRETT,** and **TAWNY**

**STAFFORD** and to **TERMINATE** the remaining Doe Defendant.[1]  Further, the Clerk is **DIRECTED** to **SERVE CATRINA CRAFT, NATALIE BARRETT,** and **TAWNY STAFFORD** in accordance with the Court's November 18, 2019 Order (Doc. 9).

**IT IS SO ORDERED.**

**DATED:  March 24, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[1] The deadline to identify and substitute the remaining Doe Defendant has passed. (Doc. 43). Plaintiff was advised that failure to file a motion to substitute by the deadline would result in the dismissal of the John/Jane Doe(s) without prejudice. (*Id.*, p. 3).