UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD W. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:19-cv-00732-GCS |
| MATTHEW C. SWALLS, MARIBETH ETHRIDGE-HICKS, ANGELA MCCANN, TROY POTOCKI, CATRINA CRAFT, NATALIE BARRETT, and TAWNY STAFFORD, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Howard Wilson was an inmate of the Illinois Department of Corrections ("IDOC") who was previously incarcerated at Vienna Correctional Center. (Doc. 9). Plaintiff alleged that while he was at Vienna, his mail was repeatedly mishandled by various staff members. *Id.* at p. 4. He further alleges that certain defendants filed a disciplinary report against him for filing grievances, and as a result, he was prohibited from certain privileges. *Id.* at p. 9. The Merit Review Order permitted Plaintiff to proceed on the following counts:

**Count 7:** First Amendment retaliation claim against [], Ethridge-Hicks, McCann, []. (Claims against Houston, Long, Potocki, and John/Jane Does 6-10 were dismissed).

**Count 11:** First Amendment and Fourteenth Amendment denial of access to courts claim against Potocki and John/Jane Does 6-10 for the mishandling of Plaintiff's legal and privileged mail. (But only allowed to proceed on delaying and denying receipt of mail related to a state civil action)

>   **Count 12:** First Amendment free speech claim against Potocki and John/Jane Does 6-10 for repeatedly mishandling Plaintiff's incoming and outgoing mail.

*Id.* at p. 7. *See also* p. 9-14 (dismissing specific defendants from Count 7, permitting Count 11 to only proceed on the delaying and denying receipt of mail related to a state civil action, and dismissing Counts 8-10 and 13-15 arising out of events which occurred at Vienna).[1]

On September 20, 2020, Plaintiff filed a motion to compel against Defendants seeking incident reports, grievances, disciplinary tickets, and reports or statements of persons with knowledge of the events underlying the complaint. (Doc. 61, p. 1-2). Plaintiff claims that the June 22, 2020 scheduling order required Defendants to turn over this information and these documents by August 6, 2020. *Id.* (citing Doc. 43, p. 2). In the same motion, Plaintiff also alleges that Defendants Etheridge-Hicks, McCann, and Potocki responded to his July 10, 2020 requests for admissions with identical and boilerplate responses. (Doc. 61, p. 3). He requests that the Court require Defendants to fully answer the aforementioned requests. *Id.*

Plaintiff filed a second motion to compel on October 21, 2020. (Doc. 65). In this motion, Plaintiff requested documents from Defendants Potocki, Ethridge-Hicks and McCann responsive to his first request for production. *Id.* Specifically, Plaintiff noted that the Defendants objected to all nine requests for production. *Id.* at p. 2. The Defendants'

---

[1] The Merit Review Order severed Counts 1-6 into a separate action and transferred the matter to the appropriate venue because said counts arose out of events occurring at a different facility, *i.e.*, Lincoln Correctional Center. (Doc. 9, p. 8-9).

objections, however, did not state whether responsive documents existed or whether any such documents were being withheld. *Id.* at p. 3. Plaintiff requests that the Court compel Defendants to fully answer the requests for production and that the Court permit Plaintiff to file thirty requests for production, rather than the fifteen requests permitted by the Court's Scheduling and Discovery Order (Doc. 43). *Id.* at p. 6-7.

The Court set both motions to compel for a hearing on May 26, 2021. (Doc. 94). However, due to internet connectivity issues, the Court adjourned the hearing and reset the matter for June 17, 2021, so that the hearing could be held in person. (Doc. 95). Plaintiff did not appear at this hearing despite his representation to the Court at the June 17th hearing that he had transportation and could appear in person for the continued hearing. (Doc. 96). Accordingly, on June 17, 2021, the Court issued an order requiring Plaintiff to show cause in writing by July 1, 2021, why he failed to appear for the hearing. The show cause order also warned Plaintiff that the failure to do so could result in the entry of sanctions against him, including the dismissal of his case. (Doc. 97). Plaintiff's deadline to show cause has now passed, and Plaintiff has not complied. Accordingly, Plaintiff's motions to compel are **GRANTED** in part and **DENIED** in part.

District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016). Under this authority, district courts have an obligation to secure the just, speedy, and inexpensive resolution of the actions and proceedings before it. *See* FED. R. CIV. PROC. 1. "District court judges, because of the very

nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008). This Court has more than 150 cases pending before it. The expedient resolution of this case, as well as the numerous other matters on this Court's docket, requires that the Court enforce its deadlines and impose consequences for failing to meet those deadlines.

Plaintiff has not responded to the show cause order despite being warned of the consequences of the failure to do so, and the time for responding has now passed. The Court considers Plaintiff's failure to respond as an admission of the merits of Defendants' response in opposition to his motions to compel. *See* SDIL Local Rule 7.1(c)(1). *See also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)(considering the consequences of a failure to respond to a motion for summary judgement). Specifically, in response to Plaintiff's first motion to compel, Defendants assert that they mailed responsive initial disclosures to Plaintiff on August 3, 2020. (Doc. 63, p. 2). These responses included all non-privileged matters relevant to any party's claim or defense and that were proportional to the needs of the case. *Id.* (citing FED. R. CIV. PROC. 26). In response to the second motion to compel, Defendants also claim that they sent Plaintiff responsive documents through their initial disclosures. (Doc. 67, p. 2). Defendants' responses are cursory, and neither address the merits of Plaintiff's claims nor expand on the reasoning for their objections to Plaintiff's requested discovery. However, without further response from Plaintiff, the Court takes as admitted that Defendants' initial disclosures included all relevant, non-privileged, and proportional material. Accordingly, there is no need to expand the number of requests

for admission or requests for production. The Court therefore **DENIES** Plaintiff's Motions to Compel (Doc. 61, 66) except as set forth below.

Prior to the termination of the hearing on May 26, 2021, the Court fully addressed two of the requests for production at issue in Plaintiff's second Motion to Compel (Doc. 65). Specifically, the Court addressed request for production No. 1, which sought the following information:

> Any log, list, Operations & Management Report, CAO Monthly Report, other document(s) depicting the grievances filed at Vienna Correctional Center ("Vienna") between all dates relevant to this lawsuit.

(Doc. 67, p. 5). The Defendants responded by objecting on the grounds of relevance and that the requested information fell outside the scope of discoverable information. *Id.* Specifically, the Defendants noted that the scope of the Merit Review Order limited the case "to the determination of whether Defendants retaliated against Plaintiff in violation of the First Amendment[] and/or mishandled Plaintiff's mail in violation of the First and Fourteenth Amendment." *Id.*

The Court also addressed request for production No. 2, which sought the following:

> Any and all documents created by any Vienna staff member or any other IDOC employee or official in response to any and all grievances filed by the Plaintiff between all dates relevant to this lawsuit, including, but not limited to, e-mail, memoranda, notes, letters, etc., and other than those documents supplied in Defendants' Initial Disclosures.

(Doc. 67, p. 6). The Defendants interposed the same objection as was made in response to request No. 1, but noted that without waiving any of the objections, it had produced responsive documents through their initial disclosures. *Id.*

Regarding the first request, Plaintiff argued that he received a disciplinary report for filing grievances. Plaintiff further claimed that he was forced to attend a disciplinary hearing and was subsequently punished, but the disciplinary proceeding against him was eventually expunged. As such, Plaintiff argued he was entitled to documents relating to the grievances that he filed while he was at Vienna. Defense counsel responded that such grievances were not relevant nor were they proportional to the needs of the case.

As to the second request, Plaintiff argued that he was seeking documents related to the retaliation and/or mail handling issues. For example, Plaintiff claimed that there were likely e-mails between various personnel or e-mails within IDOC's systems that referenced these incidents. There also would be documents relating to Plaintiff's disciplinary proceedings (*e.g.*, tickets, incident reports, findings, and the punishment imposed) even though the disciplinary proceeding against him was eventually expunged from his master file. Defense counsel responded similarly to request No. 1, but also added that it would be unduly burdensome for employees to review their e-mails for relevant documents.

The Court, however, ruled that the requested documents were relevant to Plaintiff's theory of the case because Count 7 involved a retaliation claim where Plaintiff claimed that Defendants Ethridge-Hicks and McCann filed a disciplinary report against him for filing grievances. Thus, grievances filed by Plaintiff were relevant to showing the circumstances underlying the discipline he received for engaging in such activities. Documents relating to the discipline that Plaintiff received would likewise be relevant. Such documents would logically include the ticket Plaintiff received, incident reports

related to the discipline and documents related to the disciplinary hearing, such as the findings and punishment imposed. Defense counsel, however, seemed to indicate that the facility may not have such documents because Plaintiff's discipline for this incident was expunged from his master file.

In light of this possibility, the Court ordered the Defendants to conduct an additional search for relevant documents related to these requests and to file a supplementary response to request No. 1 and No. 2. The aforementioned response would also indicate whether the Defendants were withholding any such documents relevant to these requests. And, to the extent any relevant documents were destroyed, the response would further require identifying when such documents were destroyed and the policy or policies under which such documents were destroyed. However, to address defense counsel's concerns regarding the burdens involved in searching employee e-mails for responsive documents related to request No. 2, the Court limited the relevant time period for request No. 2 to February to June 2019. It further limited the e-mail search to incoming and outgoing e-mails only from the named Defendants (Ethridge-Hicks, McCann, and Potocki) that referenced the Plaintiff during this same time period. The Court, however, postponed compliance with this ruling until the Court could rule on the other requests, but Plaintiff did not appear for the hearing scheduled for June 17, 2021.

Therefore, the Court **GRANTS** in part Plaintiff's Second Motion to Compel (Doc. 65) relating to Request No. 1 and No. 2 as explained above. Defendants are hereby ordered to serve a supplementary response to Plaintiff consistent with this Order by **August 31, 2021**.

**IT IS SO ORDERED.**

**DATED: July 19, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.07.19 15:27:42 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**