UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-00732-GCS |
| | ) |
| MATHEW C. SWALLS, MARIBETH ETHERIDGE-HICKS, ANGELA MCCANN, TROY POTOCKI, CATRINA CRAFT, NATALIE BARRETT, and TAWNY STAFFORD, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On October 12, 2021, the Court set this matter for telephone hearing for November 5, 2021 at 11:00 a.m. (Doc. 102) on Defendants' Motion to Dismiss for Lack of Prosecution. (Doc. 99). On November 5, 2021, the Court held the telephone hearing on Defendants' motion, and Plaintiff failed to appear. (Doc. 104). Accordingly, the Court GRANTS Defendants' motion to dismiss (Doc. 99).

By way of background, the Court initially held a hearing on Plaintiff's Motions to Compel (Doc. 61, 65) on May 26, 2021. (Doc. 94). The Court, however, terminated the hearing due to connection difficulties with the parties. The Court and the parties agreed to resume the hearing in person despite both parties having to drive to East St. Louis. Plaintiff had to drive from Urbana, Illinois, while defense counsel had to drive from Carbondale, Illinois. On June 17, 2021, the Court held the in person hearing. (Doc. 96).

Defense counsel appeared, but Plaintiff did not. *Id.* A show cause order was issued directing Plaintiff to explain in writing by July 1, 2021, why he failed to appear for the hearing. (Doc. 97). Plaintiff failed to respond to the show cause order. As a result, on August 17, 2021, Defendant filed a motion to dismiss for lack of prosecution. (Doc. 99). Plaintiff, once again failed to appear for the hearing on the aforementioned motion, which was held on November 5, 2021. (Doc. 104). The Court further notes that it has not received a change of address from Plaintiff. The Court has also not received any indication that Plaintiff is not receiving court mail and correspondence at the address on file with the Court.

District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016). Under this authority, district courts have an obligation to secure the just, speedy, and inexpensive resolution of the actions and proceedings before it. *See* FED. R. CIV. PROC. 1. "District court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008). This Court has approximately 150 cases pending before it. The expedient resolution of both this case, and the numerous other cases on the Court's docket require that the Court enforce its deadlines and the stated consequences for failing to meet those deadlines. Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure of the plaintiff to prosecute or comply with a court order. *See* FED. R. CIV. PROC. 41(b). A dismissal under this rule is as an adjudication on the merits.

*Id.* Although Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so, Plaintiff is nevertheless required to comply with Court orders and the local rules. *See* SDIL-LR 3.1(b). Accordingly, the Court **DISMISSES** this action **with prejudice** pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

In an abundance of caution, and noting Plaintiff's *pro se* status, the Court advises Plaintiff as follows. Plaintiff has two means of contesting this order: he may either request this Court review this order, or he may appeal the order to the Seventh Circuit Court of Appeals.

If Plaintiff chooses to request this Court review this order, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Plaintiff *must* file the motion within twenty-eight (28) days of the entry of judgment; the deadline *cannot* be extended. *See* FED. R. CIV. PROC. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *See Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)(stating that a party must establish either manifest error of law or fact, or that newly discovered evidence precluded entry of judgment in order to prevail on a Rule 59(e) motion) (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-

day clock for filing a notice of appeal will be tolled. *See* FED. R. APP. PROC. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. *See* FED. R. APP. PROC. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). However, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–820 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

In contrast, if Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal from the entry of judgment or order appealed from *within 60 days*. *See* FED. R. APP. PROC. 4(a)(1)(B) (emphasis added). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. *See* FED. R. APP. PROC. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012)(explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011)(explaining the excusable neglect standard).

Plaintiff may appeal to the Seventh Circuit by filing a notice of appeal in this Court. *See* FED. R. APP. PROC. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. *See* FED. R. APP. PROC. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. PROC. 24(a)(1). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R.

App. Proc. 24(a)(1)(C). If Plaintiff is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: November 9, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.11.09
11:28:01 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**